UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEAN BRYAN DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-2148-RWS |
| | ) | |
| D. STERNBERG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff Dean Bryan Davidson's amended complaint, and his duplicative motions for leave to proceed in forma pauperis. The Court has reviewed plaintiff's motion for leave to proceed in forma pauperis filed on September 25, 2019 and the financial information contained therein, and has determined to grant the motion. The Court will deny the duplicative motion filed on September 30, 2019. Additionally, for the reasons discussed below, the Court will dismiss this case.

**Background**

Plaintiff is a resident of the Southeast Mental Health Center, and is a frequent pro se and in forma pauperis litigator in this Court. He initiated this civil action on July 23, 2019 by filing documents indicating that he wished to file a medical malpractice lawsuit against Dr. D. Sternberg. Those documents included unrelated statements concerning alleged interference with his mail. Plaintiff neither paid the filing fee nor sought leave to proceed in forma pauperis. On September 17, 2019, the Court entered an order giving plaintiff the opportunity to file an amended complaint, and directing him to either pay the filing fee or seek in forma pauperis

status. Plaintiff complied, and the Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to

excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff states that his First, Fifth, Eighth and Fourteenth Amendment rights have been violated, he has been denied access to the courts, and his *Miranda* rights have been violated. It is clear that plaintiff intends to file a lawsuit to vindicate the violation of federally-protected rights. The Court therefore construes the amended complaint as one brought pursuant to 42 U.S.C. § 1983.[1]

Plaintiff names the following 9 people as defendants: Dr. D. Sternberg, Jaimie Waller, Jannet Lalty, Denise Hacker, Denies Boyd, Sonya Grammon, Stephanie Hintz, Dwane Robertson, and Mark Stringer. He alleges as follows.

In June of 2007, plaintiff was injured and comatose at Fulton State Hospital. This was attributable to Dr. Sternberg's failure to report that plaintiff was taking Desmopressin, which caused plaintiff to be misdiagnosed. Desmopressin also caused plaintiff to be declared incompetent, and it has interfered with his electrolytes. In 2008, "staff at Hospitals" interfered with plaintiff's mail. Plaintiff also alleges that "they" interfered with his mail.

In a rambling statement attached to the amended complaint, plaintiff states in conclusory fashion that Waller, Latty, Hacker, Boyd, Gammon, Hintz and Robertson violated his constitutional rights and tampered with his mail. Also attached to the amended complaint are articles about hyponatremia and Desmopressin. As exhibits to the amended complaint, plaintiff filed copies of medical records from June of 2007. As relief, he seeks $2 million because he was falsely diagnosed, and $1 million because he has lost his liberty.

---

[1]The Court notes that, to the extent plaintiff can be understood to limit this action as one against Dr. Sternberg for medical malpractice, this Court would lack jurisdiction because according to plaintiff's allegations, he and Dr. Sternberg are citizens of the same state. *See* 28 U.S.C. § 1332.

**Discussion**

As an initial matter, the Court notes that plaintiff complains of conduct that occurred in 2007 and 2008. Missouri's five-year statute of limitations for personal injury actions, Mo. Rev. Stat. § 516.120(4) (2000), applies to § 1983 claims brought in Missouri. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005) (citations omitted). Therefore, to the extent plaintiff attempts to bring claims pursuant to § 1983 that accrued more than five years before the filing of the original complaint, they are time-barred.

Even if all of plaintiff's claims were timely, this action would be dismissed. Plaintiff's allegations against Dr. Sternberg establish, at most, that he was negligent or committed medical malpractice. Such allegations do not state a claim of constitutional dimension. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (the Constitution is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property). Plaintiff also states that his *Miranda*[2] rights were violated. However, plaintiff cannot maintain an action under § 1983 based upon violations of the *Miranda* safeguards. *See Hannon v. Sanner*, 441 F.3d 635, 636 (8th Cir. 2006) (remedy for violations of *Miranda* safeguards is suppression of evidence, not a § 1983 action).

Plaintiff also states, in a wholly conclusory manner, that certain defendants interfered with his mail and denied him access to the courts. However, plaintiff alleges no facts from which the Court can infer that any defendant regularly and unjustifiably interfered with his mail, or destroyed, withheld or refused to send any mail. It therefore cannot be said that plaintiff states a claim of constitutional magnitude against any defendant related to interference with mail. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (to state a claim under the First Amendment, a plaintiff must show a regular and unjustifiable interference with mail); *see also Zimmerman v.*

---

[2] *Miranda v. Arizona,* 384 U.S. 436 (1966)

*Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (allegations of sporadic and short-term delays and disruptions in mail are insufficient to state a claim under the First Amendment). Additionally, plaintiff does not allege facts permitting the inference that any defendant's action caused him to be deprived of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights. It therefore cannot be said that plaintiff alleges a cognizable injury, as required to bring a claim premised upon the denial of access to the courts. *See Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam) (citing *Lewis v. Casey*, 518 U.S 343 (1996)).

The remainder of the amended complaint sets forth generalized, rambling allegations that "staff" and "they" committed various forms of wrongdoing. These allegations do not state a viable claim against any defendant because liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Finally, to the extent plaintiff can be understood to seek release from confinement, such relief is available only through a petition for a writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's duplicative motion to proceed in forma pauperis (ECF No. 8) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2020.